Nov. Term, 1861.

LYONS v. MILLER.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

*H. S. Kelley*, *A. J. Neff* and *Walter March*, for the appellant.

*D. Nation*, *A. Steele* and *H. D. Thompson*, for the appellee.

---

LYONS, Auditor of GREENE COUNTY *v.* MILLER.

A. entered into a contract with the Board of Commissioners of *Greene* county, to build a bridge across *Eel* river, "according to the plans and specifications on file in the auditor's office;" the third payment on the

work was to be two thousand dollars, and was to be paid when the stone work was completed. At a regular meeting of the board, held *December* 5, 1859, it was ordered, "that the treasurer pay to *A.* two thousand dollars, it being the third payment on said contract." The auditor refused to issue the warrant, and to a proceeding by *A.* to compel him to do so, he answered, that after the board had allowed said sum to *A.*, the abutment on the east side of the creek, by reason of inartificial construction, had fallen into the river; that the board, having been called together, rescinded the order for the payment of said sum, &c.

*Held,* that the allowance made by the board was an admission that the work had been done in accordance with the terms of the contract; and the allowance thus made, could not, especially in the absence of, and without notice to, *A.*, be rescinded by the board.

*Held,* also, that even if the auditor could have gone behind the allowance of the board, there was nothing in his answer to show that the abutment was not built according to the plans referred to in the contract.

APPEAL from the *Greene* Circuit Court.

WORDEN, J.—On *June* 10, 1859, *Miller* and the Board of Commissioners of *Greene* county entered into a contract, by which *Miller* agreed "to build a bridge across *Eel* river, between *Worthington* and *Point Commerce*, according to the plan and specifications on file in the auditor's office in said county." For which the county was to pay *Mi ler* "$7,000 in county orders, in the following installments, to-wit: One thousand dollars when the foundations are ready for the stone work to commence; two thousand dollars when the stone work is six feet above low water mark; two thousand dollars when the stone work is completed; one thousand dollars when the structure is raised; and one thousand dollars when the bridge is completed."

Afterward, viz., on *December* 5, 1859, the Board of Commissioners, at a regular meeting thereof, made the following order: "Ordered that the treasurer of *Greene* county pay *John X. Miller*, contractor of *Eel* river bridge, two thousand dollars, it being the third payment on said contract."

Afterward, *Miller* applied to the auditor to issue the order for the allowance thus made, who refused, and proceedings were instituted by *Miller* to compel, by way of mandate, the issuing of the order.

*Lyons*, the auditor, answered, as the reason of his refusal to issue the county order, "that at the time of the allowing of said order, the abutments and pier of said bridge had been erected; that afterward, to wit: on *December* 10, and before the issuing of the order on said allowance, the abutment on the east bank of said river, by reason of inartificial construction, fell into the river." The defendant thereupon, as auditor, deeming that the public interest required it, called a meeting of the county board on *December* 20, 1859, "to take such action as they, as commissioners of said county, may think proper and right in relation to the building of *Eel* river bridge."

The Board of Commissioners met in pursuance of the call, and, so far as appears, in the absence of *Miller*, and without notice to him, rescinded the order for the payment to him of the two thousand dollars. The auditor concludes, the allowance having been, rescinded, that he is not bound to issue the order claimed.

A demurrer was sustained to this answer, and final judgment rendered for the plaintiff. This ruling is the only error complained of.

We are of opinion that the demurrer was correctly sustained. The allowance made by the board was an admission that the work had been done in accordance with the terms of the contract, so as to entitle *Miller* to the installment thus allowed. The allowance thus made could not, especially in the absence of, and without notice to, *Miller*, be rescinded. by the board. We regard the order of the board rescinding the allowance as a nullity.

Reliance is had in the brief of counsel for the appellant, on the fact alleged in the answer, that the abutment, "by reason of inartificial construction, fell into the river." Even if the auditor could go behind the allowance of the board and set up this fact, there is nothing to show but that the abutment was built in precise accordance with the terms of the contract, viz., "according to the plan and specifications on file in the auditor's office." That plan and those specifications are not before us. They may have been "inartificial,"

and the abutment may have fallen in consequence of being built in strict accordance with the plan and specifications.

*Per Curiam.*—The judgment below is affirmed, with costs.

*W. Mack, H. C. Hill* and *I. N. Pierce,* for the appellant.